IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TEXARKANA DIVISION

| | | |
|---|---|---|
| ANTHONY SCOTT WHITE | § | |
| v. | § | Civil Action No. 5:24cv18-RWS-JBB |
| MICHAEL LUSK, ET AL. | § | |

## REPORT AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

The Plaintiff Anthony White, an inmate now confined in the Texas Department of Criminal Justice - Correctional Institutions Division proceeding *pro se*, filed this civil rights lawsuit under 42 U.S.C. §1983 complaining of alleged violations of his constitutional rights by officials in Bowie County, Texas. The lawsuit was referred to the undersigned United States Magistrate Judge pursuant to 28 U.S.C. 636(b)(1) and (3) and Local Rule CV-72 of the Local Rules of Court for the Eastern District of Texas. The named Defendants are retained defense counsel Michael Lusk, public defender Bart Craytor, assistant district attorneys Kelly Crisp and Lauren Richards, and an unnamed arresting officer.

**I. Background**

On April 10, 2024, Plaintiff was ordered to pay the statutory filing fee of $405.00 or submit a certified *in forma pauperis* data sheet or inmate account summary sheet, as required by 28 U.S.C. § 1915(b). Plaintiff received a copy of this order on April 19, 2024, but has not complied, nor has he responded in any way. Consequently, the lawsuit may be dismissed for failure to prosecute or to obey an order of the Court. Fed. R. Civ. P. 41(b).

**II. Discussion**

However, Plaintiff's lawsuit suffers from more significant flaws. He sues retained counsel Michael Lusk and public defender Bart Craytor, but attorneys serving as defense counsel, even if

1

court-appointed, are not state actors and therefore cannot be sued under § 1983. *Polk County v. Dodson*, 454 U.S. 312, 318, 324-25 (1981); *Mills v. Criminal District Court No. 3*, 837 F.2d 677, 679 (5th Cir. 1988). Although Plaintiff asserts that counsel acted "in support of working in cahoots with District Attorney," this vague and conclusory allegation wholly fails to set out a viable conspiracy claim sufficient to render counsel a state actor. *Small v. Dallas County, Texas*, 170 F.App'x 943, 944 (5th Cir. 2006); *Curry v. Shumate*, civil action no. 6:19cv594, 2020 U.S. Dist. LEXIS 48594, 2020 WL 1312938 (E.D.Tex., February 10, 2020), *Report adopted at* 2020 U.S. Dist. LEXIS 47379, 2020 WL 1308676 (E.D.Tex., March 19, 2020). Plaintiff's claims against defense counsel fail to state a claim upon which relief may be granted.

Plaintiff also sues prosecutors Kelly Crisp and Lauren Richards. The Supreme Court has explained that acts taken by a prosecutor in preparing for the initiation of judicial proceedings or for trial, and which occur in the course of her role as an advocate for the State, are entitled to the protections of absolute immunity. *Imbler v. Pachtman*, 424 U.S. 409. 431 (1976); *Boyd v. Biggers*, 31 F.3d 279, 285 (5th Cir. 1994). Plaintiff's conclusory allegations that the prosecutors "used fabricated documents and then switched them during sentencing," tampered with the video, lied to the court, and prosecuted him for disciplining his children which is not illegal are not sufficient to overcome this immunity. *Brown v. Dove*, 519 F.App'x 237, 238 (5th Cir. 2013); *Jones v. Texas*, 267 F.App'x 392, 393 (5th Cir. 2008). Plaintiff's claims against the prosecutors likewise fail to state a claim upon which relief may be granted.

Finally, Plaintiff sues an unnamed arresting officer, alleging "illegal search and seizure, coerce a child to lie, boldly lied at trial on stand." Dkt. No. 1, p. 8. His statement of claim concerning the officer reads as follows:

> Went to trial with false crimes; stated (officer) he was at my residence for health and welfare check, day prior I called the police to report a break into my home threw [sic] children. Day of arrest I was told they were there to take another report for a second incident, I call about the person lingering around my residence and breaking in again. . . .

*Id.*, p. 9.

Setting aside the entirely conclusory and unclear nature of these claims, it is apparent that Plaintiff's claims, if proven, would cast doubt upon the validity of his conviction. This is underscored by the fact that Plaintiff's requested relief reads "drop all charges and crimes deriving from entrapment; expunge my record of these lies; reimbursement in full; immediate release from prison." *Id.*

Plaintiff cannot obtain release from prison or dismissal of the charges against him in a civil rights lawsuit such as the present one, but must utilize the remedies available in habeas corpus. *Jackson v. Torres*, 720 F.2d 877, 879 (5th Cir. 1983); *Preiser v. Rodriguez*, 411 U.S. 475, 490 (1973). Because his allegations would, if proven, call into question the validity of his conviction, his claims for monetary damages against the arresting officer are barred until such time as he can show that the conviction at issue has been overturned, expunged, or otherwise called into question. *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994); *Hudson v. Hughes*, 98 F.3d 868, 872 (5th Cir. 1996) (false arrest claim was barred by *Heck* where a finding in the plaintiff's favor would imply the invalidity of the plaintiff's conviction). Consequently, Plaintiff's claims against the arresting officer fail to state a claim upon which relief may be granted. *Crittindon v. LeBlanc*, 37 F.4th 177, 190 (5th Cir. 2022) (complaint fails to state a claim where it is barred by *Heck*).

**III. Conclusion**

Twenty-eight U.S.C. §1915A requires that as soon as practicable, district courts must review complaints wherein prisoners seek redress from governmental entities or their employees and identify cognizable claims or dismiss the complaint or any portion thereof if the complaint is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.

A complaint fails to state a claim upon which relief may be granted where it does not allege sufficient facts that, taken as true, state a claim that is plausible on its face and thus does not raise a right to relief above the speculative level. *Montoya v. FedEx Ground Packaging System Inc.*, 614 F.3d 145, 149 (5th Cir. 2010), *citing Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct.

1955, 167 L.Ed.2d 929 (2007). A claim has factual plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Hershey v. Energy Transfer Partners, L.P.*, 610 F.3d 239, 245 (5th Cir. 2010); *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 1949 (2009). This plausibility standard is not akin to a probability requirement, but asks for more than a possibility that the defendant has acted unlawfully. *Twombly*, 550 U.S. at 556.

Detailed factual allegations are not required, but the claim must contain more than "an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 677-78. A pleading offering "labels and conclusions" or a "formulaic recitation of the elements of a cause of action" will not suffice, nor does a complaint which provides only naked assertions that are devoid of further factual enhancement. *Id*. at 678.

Although all well-pleaded facts are taken as true, the district court need not accept as true conclusory allegations, unwarranted factual inferences, or legal conclusions. *Gentilello v. Rege*, 627 F.3d 540, 544 (5th Cir. 2010), *citing Plotkin v. IP Axess Inc.*, 407 F.3d 690, 696 (5th Cir. 2005). Dismissal is proper if a complaint lacks a factual allegation regarding any required element necessary to obtain relief. *Rios v. City of Del Rio, Tex.*, 444 F.3d 417, 421 (5th Cir. 2006).

The Fifth Circuit has explained that while *pro se* complaints are given the benefit of liberal construction, such litigants are not exempt from the requirement that they plead sufficient facts to allege a plausible claim for relief or from the principle that mere legal conclusions do not suffice to prevent dismissal. *Taylor v. Books A Million, Inc.*, 296 F.3d 376, 378 (5th Cir. 2002). This means that the court is still bound by the allegations of the complaint and is not free to speculate that the plaintiff "might" be able to state a claim if given yet another opportunity to amend the complaint. *Macias v. Raul A. (Unknown), Badge No. 153*, 23 F.3d 94, 97 (5th Cir. 1994). The court explained as follows:

> For example, if an IFP plaintiff, in amending his complaint through a response to a questionnaire, alleges in his response that he received inadequate medical care while incarcerated, we should not reverse the dismissal of the complaint on the basis that the plaintiff could possibly add facts that would demonstrate that he was treated with

> deliberate indifference in the medical care that he received. As another example, if an IFP prisoner asserts in the questionnaire response that he has been denied recreation time, we should not reverse dismissal on the ground that he might also be able to assert a claim that the denial was in retaliation for his having filed a grievance.

*Id*.

Plaintiff's lawsuit fails to state a claim upon which relief may be granted because the defendant defense attorneys are not state actors, the prosecutors are protected by absolute immunity, and the claims against the arresting officer are barred by *Heck*. Consequently, the lawsuit should be dismissed.

## RECOMMENDATION

It is accordingly recommended that the above-styled civil action be dismissed with prejudice as to the Defendants Michael Lusk, Bart Craytor, Kelly Crisp and Lauren Richards, and with prejudice against the arresting officer until such time as Plaintiff can show that his conviction has been overturned, expunged, or otherwise set aside. The dismissal of this lawsuit shall not prevent Plaintiff from challenging his conviction through any lawful means, including but not limited to state or federal habeas corpus proceedings or executive clemency.

A copy of these findings, conclusions and recommendations shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendations must file specific written objections within 14 days after being served with a copy.

In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's proposed findings, conclusions, and recommendation where the disputed determination is found. An objection which merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific, and the district court need not consider frivolous, conclusive, or general objections. *See Battle v. United States Parole Commission*, 834 F.2d 419, 421 (5th Cir. 1987).

Failure to file specific written objections will bar the objecting party from appealing the factual findings and legal conclusions of the Magistrate Judge which are accepted and adopted by the district court except upon grounds of plain error. *Duarte v. City of Lewisville*, 858 F.3d 348, 352 (5th Cir. 2017).

SIGNED this the 24th day of July, 2024.

_____
J. Boone Baxter
UNITED STATES MAGISTRATE JUDGE